[EDITORS' NOTE: THIS OPINION HAS BEEN WITHDRAWN.]
FILED 84
Honorable Emory Melton State Senator, District 29 201 West Ninth Street Cassville, Missouri 65625
Dear Senator Melton:
This is in response to your request for an official opinion of this office on the following question:
 ". . . is a licensed practical nurse now authorized by law to administer fluids intravenously on the order of a physician?"
You have noted in your request that Senate Bill No. 108, 78th General Assembly, has supplanted Chapter 335, RSMo 1969, and that under the previous law governing the practice of nursing this office has issued Opinion Letter No. 25, Reardon, 1963 (attached hereto), answering substantially the same question in the negative.
One issue, therefore, is whether Senate Bill No. 108 has created new definitions of the practices of registered professional nursing and licensed practical nursing so as to justify the opposite conclusion at this time.
The statutory definitions of the nursing professions regulated by Senate Bill No. 108 do not specifically delegate the function in question to the practical nurse; therefore, there is no explicit directive from the General Assembly which would require the alteration of our earlier opinion.
Moreover, Section 2 of Senate Bill No. 108 contains the following pertinent language:
 "(3) `Professional nursing' is the performance for compensation of any act which requires substantial specialized education, judgment and skill based on knowledge and application of principles derived from the biological, physical, social and nursing sciences, including, but not limited to:
* * *
 (c) The administration of medications and treatments as prescribed by a person licensed in this state to prescribe such medications and treatments; . . ."
We conclude that the administration of intravenous fluid falls within the scope of the foregoing function.
Practical nursing is defined as:
 "(4) . . . the performance for compensation of selected acts for the promotion of health and in the care of persons who are ill, injured, or experiencing alterations in normal health processes. Such performance requires substantial specialized skill, judgment and knowledge. All such nursing care shall be given under the direction of a person licensed in this state to prescribe medications and treatments or under the direction of a registered professional nurse;"
We also observe that Section 2(3) lists several specific functions, in addition to that above quoted, which constitute the practice of professional nursing.
It is our view that where the General Assembly has chosen to define professional nursing in terms of particular duties, which duties are deemed to require scientific skill and knowledge, a distinction must be drawn between those duties and others which may be permitted the practical nurse.
In addition, we take note of the fact that the administration of intravenous fluids requires a knowledge of the biological sciences which would enable the nurse to determine the location of veins in the patient's body and properly insert the apparatus which transmits the fluid.
we thus believe that the requirement for such specialized knowledge falls squarely within the above-quoted definition of the registered professional nurse and is not permitted to a practical nurse whose training results in "substantial specialized skill, judgment and knowledge" but is not defined in terms of specific scientific principles.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. Ltr. No. 25 1-18-63, Reardon